NEW YORK COUNTY.—HON. D. C. CALVIN, SURROGATE.— June, 1881.

## WALKE *v.* HITCHCOCK.

*In the matter of the estate of* CYRUS HITCHCOCK, *deceased.*

The testator, who died in 1854, by his will nominated A., B., C. and D., as executors and trustees, and directed that neither of them should be accountable for more funds of the estate than he should actually receive under the will. A. and B. qualified forthwith; B. died in 1871; C. qualified in the same year, and D. qualified in 1872, notified A. and C. of his appointment, and offered to act. But the two latter continued to control and manage the estate; and on their accounting, D. applied for commissions from the date of his appointment. *Held,* that as the statute provides for an allowance of commissions on the settlement of an account, for services, for receiving and paying out moneys, and does not authorize an equitable adjustment of commissions among several representatives, and as D. presented no account, had rendered no services, nor received or paid out any money, his application should be denied.

As to whether D. would have a remedy at law against A. and C. for improperly preventing him from performing his duty as executor,— *quære.*

MOTION on behalf of Cornelius Walke, that he be de-

creed entitled to commissions as executor, on the settlement of the accounts of the executors, etc., of decedent; opposed by executors Hitchcock and Titus. The testator died in June, 1854, leaving a will, nominating Julius S. Hitchcock, Richard A. Reading, George N. Titus, and said Cornelius Walke executors and trustees thereof. Hitchcock and Reading qualified August 5, 1854, and accounted March 7, 1861, for $219,200.69, personal property. Reading died in June, 1871. George N. Titus qualified December 12, 1871. Cornelius Walke qualified January 11, 1872, and, as his counsel stated, immediately gave notice of his appointment to Hitchcock and Titus, offered to enter upon the duties of his trust, and had always been ready and willing to act; but the other two executors continued to control and manage the estate. Since Walke's appointment, they had paid to the testator's widow all the income of the estate, amounting to $168,800, in the capacity, as Walke claimed, of executors, but, as they claimed, of agents. The accounts of the active executors, filed, showed in their hands, as personal property, a principal sum of $274,668.76; and Walke claimed one-half commissions, for receiving said principal sum, and full commissions on receiving and paying over the income since he qualified, viz.: on $168,800.

The will gave and bequeathed to testator's wife the use of, and the income to be derived from, all the rest and residue and remainder of his estate, both real and personal, after payment of debts and certain bequests, for and during the term of her natural life; and at her death gave to his executors, or to such of them as should become duly qualified to act, three separate equal parts of the residue and remainder, in trust for the use and

benefit of three children, with power to receive the rents and profits, income, etc., and apply them to the use of said children for specified periods, with remainder over ; neither executor to be chargeable with or accountable for more of said moneys or estate than he should actually receive, or should come to his hands by virtue of the will.

P. W. WILDEY, *for the motion.*

T. WESTERVELT, *opposed.*

THE SURROGATE.—Section 71, 3 *R. S.*, 101 (6 ed.), provides that, on the settlement of an account of an executor or administrator, the Surrogate shall allow to him for his services, and apportion among them, if there be more than one, according to the services rendered by them, respectively, for receiving and paying out all sums, etc. But if the personal estate amount to not less than $100,000, over debts and liabilities, each executor or administrator shall be entitled to and allowed full commissions, to the number of three, and if more than three, three commissions shall be divided among them.

In this case, the executor Walke presents no account of receipts or disbursements, nor does it appear that he has rendered any "services" in receiving or paying out *any* sums of money belonging to said estate. And, as it is entirely clear that there is no authority in this court, under the section cited, to adjust, upon equitable principles, the compensation to be allowed to the respective executors, I am of the opinion that this court has no power to determine the rights of the executor named, as against the active executors, for their alleged improper preventing him from the performance of his duty. Therefore I am

not called upon to determine whether he has any remedy at law for such prevention.

The fact that the basis of allowance of commissions is the amount received and paid out, and that in this case no sum has been received or paid out, seems. to me to afford a complete answer to the application. The motion should be denied.

Ordered accordingly.